UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BYRON HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02019-SEB-TAB |
| ) | |
| ROBERT CARTER, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Granting in Part and Denying in Part Motion to Dismiss
and Directing Plaintiff to Show Cause**

Plaintiff Byron Hubbard filed a lawsuit when he was an inmate at New Castle Correctional Facility ("NCCF") against several defendants and alleging several claims, including that the defendants denied him adequate medical care, retaliated against him, and violated his rights under the Rehabilitation Act. *Hubbard v. Carter, et al.*, No. 1:18-cv-2692-JRS-TAB. After some of the claims in that case were settled and others were dismissed, the Court severed the Rehabilitation Act claims and the claims against defendant Commissioner Carter and this case was opened. *Id.,* dkt. 241. The defendants now move to dismiss this case for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure asserting that, because Mr. Hubbard has since been released from prison, there is no longer a live case or controversy or available relief for Mr. Hubbard's claims. Mr. Hubbard has not responded to the motion to dismiss. For the following reasons, the motion to dismiss is granted in part and denied in part and Mr. Hubbard is directed to show cause why this action should not be dismissed.

### I. Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiff. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). When subject matter jurisdiction is contested, "the district court may properly look beyond the jurisdictional allegations of the complaint...to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999) (internal quotations omitted). The burden of proof is on the party asserting that the court has subject matter jurisdiction. *Id*.

### II. Discussion

The defendants seek dismissal of Mr. Hubbard's claims arguing that Mr. Hubbard has been released from prison and therefore his requests for a bottom bunk, return to the PLUS program, reinstatement of his prison job, and other injunctive and declaratory relief are moot because there is no live case or controversy. The defendants further argue that Mr. Hubbard's request for back pay does not save his claims from dismissal as moot.

**A. Claims for Injunctive Relief**

First, the defendants argue that Mr. Hubbard's claim for injunctive relief, including his request for a particular bunk, or reinstatement to the PLUS program and his prison job, must be dismissed as moot. The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler,* 360 F.3d 787, 790 (7th Cir. 2004). A prisoner's release from prison moots claims for declaratory or injunctive relief. *Ross v. Mebane*, *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Thus, Mr. Hubbard's requests for his bottom bunk, his prison job, a return to IDOC's PLUS Program, declaratory relief, and preliminary

injunctive relief can no longer be provided because he is no longer in prison. These claims are dismissed.

### B. Back Pay

Next, the defendants argue that, once Mr. Hubbard's claims for injunctive relief are dismissed, his remaining claim for back pay must be dismissed because back pay is "equitable relief." Dkt. 11. The defendants go on to argue that because back pay is equitable relief, the restrictions in the Prison Litigation Reform Act ("PLRA") on prospective relief apply. The defendants are correct that the PLRA restricts the prospective relief that a Court can order. 18 U.S.C. § 3626(a). Specifically, the PLRA requires that prospective relief must be "narrowly drawn," extend "no further than necessary," and use the "least intrusive means" to correct the violation of a federal right. *Id.* The defendants do not explain how back pay for an allegedly illegal removal from a job would fail to satisfy these conditions. Instead, the defendants argue that Mr. Hubbard failed to adequately plead his right to back pay. But the PLRA does not contain special pleading requirements. And Mr. Hubbard sufficiently pleaded that he was removed from a prison job because of a disability. That was enough to put the defendants on notice of his claims and the facts on which they are based. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The defendants therefore have failed to show that Mr. Hubbard's claim for back pay must be dismissed. Nonetheless, this claim still fails to state a claim upon which relief can be granted, albeit for a different reason. Accordingly, Mr. Hubbard will be directed to show cause why this claim should not be dismissed.

Mr. Hubbard's claim that he was terminated from a prison job because of a disability in violation of the Rehabilitation Act, on its own, is insufficient to state a claim upon which relief can be granted because that statute does not cover prison jobs. In *Neisler v. Tuckwell*, 807 F.3d

225, 227 (7th Cir. 2015), the Seventh Circuit affirmed dismissal of a prisoner's claim under the Americans with Disabilities Act ("ADA") because the prisoner alleged he was fired from a prison job. This reasoning applies equally to Mr. Hubbard's claim under the Rehabilitation Act. *Jaros v. Ill. Dep't. of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (The relief provided by the ADA and Rehabilitation Act are coextensive and a plaintiff suing under both statutes may have only one recovery.). Because the Court has determined that Mr. Hubbard's last remaining claim fails to state a claim for relief, he will be given the opportunity to show cause why this case should not be dismissed for this reason.

### III. Conclusion

The defendants' motion to dismiss, dkt. [10], is **granted in part and denied in part**. As discussed above, Mr. Hubbard's claims for injunctive relief must be dismissed as moot. His claim for back pay remains, but that claim is based on his allegation that he was removed from his prison job in violation of the Rehabilitation Act. Because the Rehabilitation Act does not apply to prison jobs, that claim also must be dismissed. Mr. Hubbard shall have **through November 30, 2021**, to show cause why this action should not be dismissed for this reason.

**IT IS SO ORDERED.**

Date: _____11/9/2021_____     _____
                              SARAH EVANS BARKER, JUDGE
                              United States District Court
                              Southern District of Indiana

Distribution:

BYRON HUBBARD
Homeless

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

John Russell Millikan, IV
INDIANA ATTORNEY GENERAL
john.millikan@atg.in.gov